UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BARQUAEL BROWN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:06CV1700 RWS |
|  | ) |  |
| METRO TRANSIT SYSTEM, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for appointment of counsel. Three factors are generally considered relevant in evaluating applications for appointment of counsel in Title VII cases: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim. Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984). After considering these factors, I believe that appointment of counsel is not warranted at this time, so I will deny plaintiff's motion for appointment of counsel.

Moreover, defendant has filed a motion for summary judgment, contending that plaintiff's sex discrimination claim fails as a matter of law for failure to exhaust administrative remedies and that her retaliation claim fails because she did not engage in activity protected by Title VII. Plaintiff has not responded to the

motion for summary judgment, and her time for doing so has expired. I will grant plaintiff leave, up to and including March 30, 2007, to file a written opposition to summary judgment. If plaintiff fails to comply with this Order, I will rule on defendant's motion for summary judgment as unopposed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [#4] is denied.

**IT IS FURTHER ORDERED** that plaintiff shall file a written opposition to defendant's motion for summary judgment by no later than **March 30, 2007**. If plaintiff fails to comply with this Order, I will rule on defendant's motion as unopposed.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 19th day of March, 2007.