UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| BARQUAEL BROWN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:06CV1700 RWS |
| METRO TRANSIT SYSTEM, | ) |  |
| Defendant. | ) |  |

# MEMORANDUM AND ORDER

This matter is before me on defendant's unopposed motion for summary judgment. Despite being granted an extension of time to do so, plaintiff has failed to file any opposition to summary judgment. Because the undisputed facts demonstrate that defendant is entitled to judgment as a matter of law, the motion for summary judgment will be granted.

## Background Facts

Plaintiff brings this action pro se for sex discrimination and retaliation in violation of Title VII.[1] Plaintiff's complaint alleges that defendant terminated her after she struck a pedestrian with a bus in St. Louis. Plaintiff alleges that other drivers, specifically males, who struck pedestrians were not terminated by

---

[1] Plaintiff also alleged race and color discrimination, but those claims were dismissed on December 4, 2006 pursuant to 28 U.S.C. § 1915(e)(2)(B).

defendant.  Plaintiff alleges that she was discriminated against based on her sex.  Plaintiff also alleges that she was retaliated against for filing workers compensation claims in violation of Title VII.

## Standards Governing Summary Judgment

The standards for summary judgment are well settled.  In determining whether summary judgment should issue, the Court views the facts and inferences from the facts in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).  The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists.  Fed. R. Civ. P. 56(e).  At the summary judgment stage, I will not weigh the evidence and decide the truth of the matter, but rather I need only determine if there is a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 249.

Discussion

*Sex Discrimination Claim*

Plaintiff's claim of sex discrimination must be dismissed for failure to exhaust administrative remedies. Plaintiff failed to allege sex discrimination in her charge of discrimination filed with the EEOC and Missouri Commission on Human Rights. She did not check the box marked 'SEX' when naming the basis for her discrimination charge and she did not mention anything about sex in her factual description of the alleged discrimination. Plaintiff did not allege sex discrimination until she filed the complaint in this case.

Title VII requires that claimants exhaust administrative remedies by bringing all charges of discrimination before the EEOC before filing suit in federal court. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006). Charges brought in federal court that were not within the scope of the EEOC charge are properly dismissed for failure to exhaust administrative remedies. Id. at 635. Because plaintiff failed to raise the allegations of sex discrimination in her EEOC charge, summary judgment will be granted to defendant on plaintiff's sex discrimination claim.

*Retaliation Claim*

Plaintiff's retaliation claim also fails as a matter of law. Title VII makes it

unlawful for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, plaintiff must demonstrate that "(1) she engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action." Thomas v. Corwin, 483 F.3d 516, 530 (8th Cir. 2007). Because filing a workers compensation claim is not a statutorily protected activity under Title VII, I will grant defendant's motion for summary judgment on plaintiff's Title VII retaliation claim.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [#7] is granted, and plaintiff's complaint is dismissed with prejudice.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of July, 2007.